IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HY-KO PRODUCTS COMPANY LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-00197-JRG |
| | § | |
| THE HILLMAN GROUP, INC., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant The Hillman Group, Inc.'s ("Hillman") Motion to Dismiss Counts VI and VII of Plaintiff's Complaint, to Strike Certain Superfluous Allegations, and for a More Definite Statement (the "Motion"). (Dkt. No. 21). Having considered the Motion and the subsequent briefing, and for the reasons set forth below, the Court finds that the Motion should be **DENIED** in all respects.

**I.    BACKGROUND**

On June 1, 2021, Plaintiff Hy-Ko Products Company, LLC ("Hy-Ko") filed the above-captioned case against Hillman alleging claims of patent infringement, unfair competition, and conversion. (Dkt. No. 1). On August 2, 2021, Hy-Ko filed its Amended Complaint against Hillman—still asserting claims of patent infringement, unfair competition, and conversion. (Dkt. No. 14) (the "Amended Complaint"). Hillman subsequently filed the instant Motion to dismiss the Amended Complaint. (Dkt. No. 21). As is evident from the Amended Complaint and the parties' briefing, Hy-Ko and Hillman are direct competitors in the key duplication industry, and the two companies have a contentious history, including previous litigation. (Dkt. Nos. 14, 21, 27)

## II. LEGAL STANDARD

Hillman's Motion challenges the Amended Complaint on three grounds: (1) Counts VI and VII should be dismissed under Fed. R. Civ. P. 12(b)(6) because they are time-barred; (2) Certain paragraphs in the Amended Complaint should be stricken under Fed. R. Civ. P. 12(f) because they have nothing to do with Hy-Ko's purported claims; and (3) Hy-Ko should be directed to provide a more definite statement under Fed. R. Civ. P. 12(e) concerning its unfair competition claim. (Dkt. No. 21 at 1–2).

### A. Fed. R. Civ. P. 12(b)(6)

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pleaded facts as true, and views all facts in the light most favorable to the plaintiff, but is not required to accept the plaintiff's legal conclusions as true. *Id.*

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. US Unwired*, Inc., 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). The Court must limit its review "to the contents of the pleadings." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). "To dismiss a complaint under Rule 12(b)(6) as barred by the statute of limitations, the face of the complaint must show beyond doubt that the statute of limitations period has run."

*Motorola Mobility, Inc. v. Tivo Inc.*, Case No. 5:11-cv-053, 2013 WL 12040725, at *3 (E.D. Tex. Jan. 25, 2013).

### B. Fed. R. Civ. P. 12(f)

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts have generally defined each of the terms redundant, immaterial, impertinent, and scandalous as follows:

> Redundant matter consists of allegations that constitute a needless repetition of other averments in the pleading. Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Immateriality is established by showing that the challenged allegations can have no possible bearing upon the subject matter of the litigation. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question; while scandalous matter is that which improperly casts a derogatory light on someone, most typically on a party to the action.

*Marceaux v. Lafayette Consol. Gov't*, Case No. 6:12-cv-01532, 2012 WL 5197667, at *1 (W.D. La. Oct. 18, 2012) (citations and quotations omitted); *see, e.g.*, *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 645 (N.D. Tex. 2007) (citing *Cobell v. Norton*, 224 F.R.D. 266, 280 (D.D.C. 2004)). Motions to strike are generally disfavored. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1058 (5th Cir. 1982). Indeed, striking portions of pleadings is a "drastic remedy" and is "often sought by a movant simply as a dilatory tactic." *See, e.g., Am. Southern Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 626 (E.D. Tex. 2010). "[T]he action of striking a pleading should be sparingly used by the courts" and "motion[s] to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *U.S. v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012).

### C. Fed. R. Civ. P. 12(e)

Fed. R. Civ. P. 12(e) states that:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

3

> reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewcz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Rule 12(e) however must be read in light of Rule 8. The pleading requirements of Rule 8 do not require a claimant to set out in detail the facts upon which he bases his claim. *Iqbal,* 556 U.S. at 678. Rule 8 simply requires a short and plain statement of the claim that will give notice of what the plaintiff's claim is and the grounds upon which it rests. *Twombly,* 550 U.S. at 555. Given this, "a motion for more definite statement is generally disfavored and is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail." *Pension Advisory Group, Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 707 (S.D. Tex. 2011); *Travelers Indem. Co. v. Presbyterian Healthcare Res.,* 313 F. Supp. 2d 648, 654 (N.D. Tex. 2004); *Davenport v. Rodriguez,* 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001). Accordingly, a Rule 12(e) motion is appropriate only where "a pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz,* 534 U.S. at 514. "Although a party may employ Rule 12(e) to enforce the minimum requirement of Rule 8's notice pleading, when defendants are complaining of matters that can be clarified and developed during discovery, rather than matters that impede their ability to form a responsive pleading, the motion for a more definite statement should not be granted." *Tempur-Pedic Int'l, Inc. v. Angel Beds LLC*, 902 F. Supp. 2d 958, 971 (S.D. Tex. 2012). Whether to grant a motion for a more definite statement is a matter within the discretion of the trial court. *Id.*; *Travelers,* 313 F. Supp. 2d at 654.

### III. DISCUSSION

As noted above, Hillman raises three challenges to Hy-Ko's Amended Complaint: (1) Counts VI and VII should be dismissed under Fed. R. Civ. P. 12(b)(6) because they are time-barred; (2) Certain paragraphs in the Amended Complaint should be stricken under Fed. R. Civ. P. 12(f) because they have nothing to do with Hy-Ko's purported claims; and (3) Hy-Ko should be directed to provide a more definite statement under Fed. R. Civ. P. 12(e) concerning its unfair competition claim.  (Dkt. No. 21 at 1–2).  As explained below, the Court is not persuaded by Hillman's arguments.

#### A.  Motion to Dismiss Counts VI and VII under 12(b)(6)

Counts VI and VII in the Amended Complaint are claims under a theory of conversion and replevin.  (Dkt. No. 14 ¶¶ 153–63).  Hillman argues that although the Amended Complaint "does not identify the date when Hillman allegedly misappropriated Hy-Ko's engineering 'drawings,' the sequence of alleged events [in paragraphs 53 through 58 and 153 through 163 of the Amended Complaint] makes clear that the purported misappropriation occurred before 2016."  (Dkt. No. 21 at 3).  Hillman argues that, under Ohio law, there is a four-year statute of limitation, and the June 1, 2021 filing date of Hy-Ko's original complaint is more than four years after 2016.[1]  (*Id.* at 5–6).  Hillman argues that 2016 is the operative date because that is when its KeyKrafter machine launched.  (Dkt. No. 21 at 1).

Hy-Ko responds that paragraphs 53 through 55 of the Amended Complaint provide the allegations underlying its claims for conversion and replevin.  (Dkt. No. 27 at 4).  Hy-Ko argues that said paragraphs "do not allege *when* Hillman acquired the KID system drawings

---

[1] Hillman and Hy-Ko apply Ohio law in their briefing on this issue.  (Dkt. No. 21 at 5–6; Dkt. No. 27 at 10).  Given that both parties apply Ohio law, the Court does so here for the purposes of analyzing Hillman's Motion.  Such is not to be taken as the Court's ruling on the applicable body of state law governing Hy-Ko's claims.  The Court has not been asked to resolve any choice of law issues and declines to do so at the pleadings stage and without full briefing on the issue.

misappropriated from Hy-Ko . . . [n]or do these paragraphs allege *how* Hillman acquired the misappropriated KID system drawings." (*Id.*). Hy-Ko contends that it does not know the answer to either point. (*Id.*). Further, Hy-Ko responds that its Amended Complaint does not allege that Hillman's KeyKrafter machine is a by-product of Hillman's possession of the KID documents allegedly misappropriated from Hy-Ko. (*Id.* at 5). Therefore, Hy-Ko argues, there is no support for Hillman's assertion that 2016 is the latest date the misappropriation could have occurred. (*Id.*). In any event, Hy-Ko argues that Ohio law applies the "discovery rule" for statute of limitations under a theory of conversion. (*Id.* at 10). In other words, Hy-Ko argues, it matters not when the misappropriation occurred, but when Hy-Ko discovered it—which was within the last four years. (*Id.* at 9). Hy-Ko argues that resolving all inferences in its favor, Hillman's Motion should be denied on this ground. (*Id.* at 10).

The Court agrees with Hy-Ko. Hy-Ko's Amended Complaint provides several allegations that support its claims of conversion and replevin. (Dkt. No. 14 ¶¶ 53–55). These allegations do not detail when the misappropriation occurred—or when it was discovered. The Court does not agree with Hillman that "the predicate conduct for these claims . . . is expressly alleged to have occurred before Hillman launched its KeyKrafter machine in 2016." (Dkt. No. 21 at 1). In fact, the allegations simply detail that Hy-Ko believes Hillman possesses certain technical information from Hy-Ko. As previously noted, at the pleadings stage, the Court is to resolve all inferences in favor of the non-movant (Hy-Ko) and accept the allegations in the complaint as true. *Thompson*, 764 F.3d at 502. Based on the record before it and the applicable legal principles, the Court cannot conclude that Hy-Ko's claims are time barred "beyond doubt" as required at the pleadings stage. *Motorola Mobility*, 2013 WL 12040725, at *3. However, should discovery produce evidence otherwise, a motion for summary judgment may be appropriate in the future, and nothing about

6

the Court's instant ruling forecloses that prospect. Accordingly, Hillman's Motion is **DENIED** with respect to its challenge of the Amended Complaint under 12(b)(6).

  **B.**  **Motion to Strike under 12(f)**

  Hillman next contends that "the Court should strike numerous paragraphs of Hy-Ko's Amended Complaint that, on their face, have nothing to do with Hy-Ko's purported claims" of patent infringement, conversion, replevin, and unfair competition under Section 43(a) of the Lanham Act. (Dkt. No. 21 at 1). In particular, Hillman cites to approximately thirty paragraphs in Hy-Ko's Amended Complaint that Hillman contends "have no relationship to Hy-Ko's actual claims, whether as appropriate background or otherwise." (*Id.* at 4) (citing Dkt. No. 14 ¶¶ 22–28, 29–33, 47–52, 76–89). Hillman argues that "[e]vents that occurred in the early and mid-2000s, the parties' previous litigations . . . , Hillman's 2013 litigation with Minute Key . . . , and Hillman's more recent litigation with KeyMe bear no relation to Hy-Ko's claims." (*Id.* at 7). Hillman contends that "none of these allegations make it more likely that Hillman has" liability under the causes of action Hy-Ko has asserted against Hillman. (*Id.*).

  Hy-Ko responds that Hillman does not articulate a Rule 12(f) basis to strike the paragraphs at issue in the Amended Complaint. (Dkt. No. 27 at 11). Rather, Hy-Ko argues, Hillman merely uses adjectives such as "superfluous," "extraneous," and "gratuitous." Hy-Ko argues that in the event Hillman is referring to "immateriality" under Rule 12(f), establishing such is a high burden that requires the challenged allegations have no bearing upon the subject matter of the litigation. (*Id.*) (citing *Motorola Mobility*, 2013 WL 12040725, at *2). Hy-Ko argues that the allegations at issue "contextualize Hillman's and Hy-Ko's relative position in the key duplication industry . . . [, and] weave a consistent story of how Hillman uses superior economic might to bully competitors." (*Id.*). Hillman asserts that "even a casual reading of the challenged allegations makes clear that

7

they are made for purposes of background, context, and demonstrating the motivation underlying Hillman's tortious conduct." (*Id.* at 12).

Although Hillman does not expressly articulate its specific 12(f) basis, the Court understands Hillman to be making an immateriality argument based on its statement that the allegations at issue "have no relationship to Hy-Ko's actual claims." (Dkt. No. 21 at 4). The Court is not persuaded that the allegations at issue have no possible relation to the present controversy. Hy-Ko accuses Hillman of patent infringement, unfair competition, conversion, and replevin. The allegations Hillman contends are problematic generally provide background on the competitive landscape and litigation history in the industry. (*See id.*) (summarizing Hy-Ko's allegations). At a minimum, these allegations have at least some relation to claims of patent infringement and unfair competition between two chronic competitors.[2] That is sufficient to meet the standard under Rule 12(f) at the pleading stage. *Motorola Mobility*, 2013 WL 12040725, at *5. Accordingly, Hillman's Motion is **DENIED** with respect to its challenge of the Amended Complaint under 12(f).

C.  **Motion for More Definite Statement under 12(e)**

Hillman next challenges the Amended Complaint by arguing Hy-Ko has provided "no details whatsoever concerning timing of the alleged false statements, the individuals involved, and the reason why Hy-Ko believes the statements to be false or misleading." (Dkt. No. 21 at 10). Hillman argues that such "has the effect of denying Hillman a reasonable opportunity to respond to the Amended Complaint and offends basic concepts of fair play." (*Id.*). Although Hillman expressly acknowledges that it is not asking the Court to dismiss Hy-Ko's unfair competition

---

[2] Hillman also argues that its prior settlement agreement with Hy-Ko is relevant to the Court's analysis under 12(f) because the release in that agreement prevents the parties from re-litigating their prior history. (Dkt. No. 21 at 7). Hillman similarly argues that denial of its Motion will prejudice Hillman because it will expand discovery into the parties' prior history and litigation. Notwithstanding Hy-Ko's assurances that it will only seek discovery proportional to the needs of the case (Dkt. No. 27 at 12), the Court is not persuaded that these arguments have any bearing on a under Rule 12(f) motion and Hillman cites no authority to support its position.

claim, Hillman does contend that Hy-Ko's Lanham Act claim sounds in fraud. (*Id.*). Hillman also notes that courts *outside* the Fifth Circuit have held that the heightened pleading standard in Rule 9(b) applies to such claims. (*Id.*) (citing *MGA Entm't, Inc. v. DynaCraft BSC, Inc.*, Case No. 2:17-cv-08222, 2018 WL 2448123 (C.D. Cal. May 30, 2018); *LT Int'l Ltd. v. Shuffle Master, Inc.*, 8 F. Supp. 3d 1238, 1244–45 (D. Nev. 2014)).

Hy-Ko responds that the standard Hillman must meet under Rule 12(e) is high and that 12(e) "is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail." (Dkt. No. 27 at 13) (citing *Helen of Troy Ltd. Corp. v. Warehouse USA, LLC*, Case No. 2:18-cv-0541, 2019 WL 4253971, at *4 (E.D. Tex. Aug. 15, 2019)). Hy-Ko argues that paragraphs 66 through 72 "chronicle Hillman's false or misleading statements about which Hy-Ko knows." (*Id.*). Hy-Ko points out that "[t]he allegations are not unintelligible" and Hillman does not argue that they are unintelligible. (*Id.*). Hy-Ko also argues that courts in the Fifth Circuit have held that the heightened pleading standard of Rule 9(b) does not apply to the Lanham Act claims at issue, and Hillman provides no authority or basis for the Court to deviate from such precedent. (*Id.* at 14) (citing *Tempur-Pedic*, 902 F. Supp. 2d at 971).[3]

As the Court articulated above, a Rule 12(e) motion is appropriate only where "a pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz,* 534 U.S. at 514. In this case, Hillman complains about a lack of detail and repeatedly emphasizes Hy-Ko's failure to provide a definite time period for the alleged unlawful statements. (Dkt. No. 21 at 8–9). However, the purpose of a motion under 12(e) is to correct a pleading that is so vague or ambiguous it fails to provide the defendant notice of the allegations against it. Fed. R. Civ. P. 12(e). Hillman's complaints about a lack of a definite time period for the alleged unlawful statements amounts to a

---

[3] Hy-Ko argues that even if its Lanham Act claims were subject to a heightened pleading standard under Rule 9(b) that issue should have been raised on a motion to dismiss under 12(b)(6) rather than a Rule 12(e) motion. (*Id.*).

9

criticism that Hy-Ko was unable to conduct a fulsome discovery before filing its complaint. The timeline of the alleged unlawful statements is something that should be fleshed out during discovery—not during Rule 12(e) motion practice or amendments to pleadings. Accordingly, Hillman's Motion is **DENIED** with respect to its challenge of the Amended Complaint under 12(e).

## IV. CONCLUSION

For the reasons noted above, Hillman's Motion is **DENIED** in all respects.

**So ORDERED and SIGNED this 14th day of January, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE