IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HY-KO PRODUCTS COMPANY LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-00197-JRG |
| | § | |
| THE HILLMAN GROUP, INC., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant The Hillman Group, Inc.'s ("Hillman") Motion to Compel Hy-Ko's Response to Interrogatory 24 (the "Motion"). (Dkt. No. 87). Having considered the Motion and the subsequent briefing, and for the reasons set forth herein, the Court finds that the Motion should be **DENIED**.

**I.   BACKGROUND**

On June 1, 2021, Plaintiff Hy-Ko Products Company, LLC ("Hy-Ko") filed the above-captioned case against Hillman alleging claims of patent infringement, unfair competition, and conversion. (Dkt. No. 1) (the "Original Complaint"). Paragraph 54 of the Original Complaint reads as follows:

> 54. Only a handful of Hy-Ko's KID Systems have gone "missing" over the years. Hy-Ko has come to learn, on information and belief, that Hillman took possession of at least one of KID System at some unknown time in the past, without Hy-Ko's knowledge or consent. On information and belief, after Hillman "acquired" the KID System, knowing that it was owned by Hy-Ko or an affiliate, the system was placed in a Hillman facility where Hillman personnel reverse engineered it.

On August 2, 2021, Hy-Ko filed its Amended Complaint against Hillman—still asserting claims of patent infringement, unfair competition, and conversion.  (Dkt. No. 14) (the "Amended Complaint").  However, the allegations regarding Hillman's acquisition of the KID System were removed and replaced with the following paragraph:

> 54.   Hy-Ko has come to learn, on information and belief, that Hillman has demonstrated to others that Hillman possessed detailed technical information regarding Hy-Ko's key systems, including a stack of detailed Hy-Ko engineering drawings for Hy-Ko's KID system.  On information and belief, Hillman obtained these engineering drawings through unlawful means while knowing that Hy-Ko considers the drawings to be highly confidential.

In late 2021, Hillman served Interrogatory No. 24, which reads as follows:

> Describe in detail all of the facts supporting your allegation that Hillman took possession of "at least one of KID System at some unknown time in the past, without Hy-Ko's knowledge or consent" while "knowing that it was owned by Hy-Ko or an affiliate" and placing the system "in a Hillman facility where Hillman personnel reverse engineered it," including by describing in detail: (i) the respective number(s) HyKo used to internally identify the allegedly stolen KID machine (the "Machine(s)"); (ii) how Hillman allegedly obtained the Machine(s), including the place and means by which Hillman obtained the Machine(s); (iii) the date when Hillman allegedly obtained the Machine(s); (iv) the names of all Hillman personnel who were allegedly involved in obtaining the Machine(s); (v) the names of all Hillman personnel who were allegedly involved in the "reverse engineering" of the Machine(s); (vi) the location of the Hillman facility where the Machine(s) was kept; (vii); the Hillman personnel who allegedly "reverse engineered" the Machine(s); and (viii) the names of all persons who provided Hy-Ko the information supporting the allegations that are the subject of this interrogatory.

(Dkt. No. 87-1 at 15).  It is undisputed that Interrogatory No. 24 relates to the allegations in Paragraph 54 of the Original Complaint but are not found in the Amended Complaint.  (Dkt. No. 87 at 1–2; Dkt. No. 96 at 1).  On January 18, 2022, Hy-Ko objected to Interrogatory No. 24 on the grounds that it sought irrelevant information.  (Dkt. No. 87-1 at 15).  On January 25, 2022, the parties met and conferred on the issue but could not reach an agreement.  (Dkt. No. 87 at 7).  On

January 28, 2022, Hillman moved to compel Hy-Ko's response to Interrogatory No. 24. (Dkt. No. 87).

## II. DISCUSSION

Hillman argues that it "needs an answer to Interrogatory 24 in order to understand and explore how and why Hy-Ko's story changed, test the alleged facts supporting Hy-Ko's new conversion story, and confront Hy-Ko about its changing narrative." (Dkt. No. 87 at 3). In other words, Hillman argues that "[k]nowledge of the original story and its sources is essential to fairly confronting Hy-Ko's present, changed assertions." (*Id.*). Hillman argues that Interrogatory No. 24 "is also relevant to the credibility of the people who concocted and endorsed Hy-Ko's false and explosive accusation." (*Id.*). Hillman further contends that the information responsive to Interrogatory No. 24 "is also relevant to the designation of this matter as 'exceptional' pursuant to 35 U.S.C. § 285." (*Id.* at 4).

Hy-Ko responds that its Amended Complaint superseded the allegations in the Original Complaint, and accordingly, the allegations in the Original Complaint "are nullities." (Dkt. No. 96 at 1). Hy-Ko argues that "'how and why [its] story changed' is not relevant to whether Hillman converted Hy-Ko's engineering drawings." (*Id.* at 2). In response to Hillman's "credibility" argument Hy-Ko responds that the allegations in both the Original Complaint and Amended Complaint were made by Hy-Ko as an entity, through counsel, and cannot be used to impeach the credibility of any trial witnesses. (*Id.*). With respect to Hillman's "exceptional case" argument, Hy-Ko argues that Hillman "omits authority for the proposition that allegations for a conversion claim under state common law may be appropriately considered in an exceptional case determination under section 285 of the Patent Act." (*Id.* at 3).

3

The Court has reviewed the Original Complaint, the Amended Complaint, and the parties' arguments and finds that the information sought by Interrogatory No. 24 is not relevant to the current issues of this case. The parties do not dispute that allegations regarding Hillman's alleged possession of a KID System are no longer part of Hy-Ko's conversion claims in this case. While the Court recognizes the general tenet that discovery should be pursued and produced liberally, the Court finds that Interrogatory No. 24 would inevitably involve the expenditure of time and resources pursuing something no longer in the case. The Court notes that fact discovery closes in less than four weeks, and the parties would be better served by focusing these final weeks on the issues that are still live and perhaps not fully explored or developed.

### III.   CONCLUSION

For the reasons noted above, Hillman's Motion is **DENIED**.

**So ORDERED and SIGNED this 18th day of February, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE