# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HY-KO PRODUCTS COMPANY LLC, a Michigan company, | ) ) ) |
| Plaintiff, | ) C.A. No. 2:21-cv-00197-JRG |
| v. | ) ) **JURY TRIAL DEMANDED** |
| THE HILLMAN GROUP, INC., a Delaware company. | ) ) ) |
| Defendant. | ) |

**HY-KO PRODUCTS COMPANY LLC'S MOTION TO COMPEL
PURSUANT TO DISCOVERY ORDER ¶ 6**

Pursuant to Paragraph 6 of the Court's October 19, 2021 Discovery Order, plaintiff and counterclaim defendant Hy-Ko Products Company LLC ("Hy-Ko") moves for an order compelling defendant and counterclaimant The Hillman Group, Inc. ("Hillman") to produce, in un-redacted form, HILLMAN-000275197-232 and any similar documents it withheld from production on the same basis.

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

On the eve of a key deposition, Hillman purported to "claw back" a PowerPoint slide presentation it had produced two weeks earlier (the "Slide Deck"). Hillman claimed that the Slide Deck contained information protected by the attorney-client privilege. The Slide Deck discussed primarily various technology projects, but the purportedly privileged section contained references to three of the four patents-in-suit. Nothing in the Slide Deck suggested that its purpose was to offer or facilitate legal advice. After Hy-Ko confirmed the Slide Deck's destruction at Hillman's request, Hillman produced a redacted version of the Slide Deck.

What Hillman redacted from the Slide Deck is not privileged. Moreover, Hillman's privilege log for the redaction does not support a claim of privilege. Hy-Ko thus seeks an order compelling Hillman to produce the Slide Deck in unredacted form.

## II. BACKGROUND

Hy-Ko alleges that Hillman was aware of the patents-in-suit prior to the filing of the lawsuit and that its infringement was willful. In its Amended Complaint [dkt 14] ¶¶ 105, 109, 116, 120, 127, 131, 138, 142. Hy-Ko's Interrogatory No. 1 sought information regarding Hillman's knowledge of Hy-Ko's patents. Appendix ("App.") at 1. In response, Hillman stated that its legal department ███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████  *Id.*  Hillman then claimed that it is "████████████████████████

████████████████████████████████████████████████ *Id.*

(emphasis added). Mr. Roberts himself verified the accuracy of the response.

The Slide Deck, however, showed that Hillman's response to Interrogatory No. 1 was false. A month after Hillman served its verified response, it produced a November 6, 2017 email from Product Development Leader Mike Schmidt directed to Hillman's CEO and other top-level executives, which attached the Slide Deck. In the email, Mr. Schmidt stated that he was transmitting "████████████████████████████████████████

████ The Slide Deck is a 36-page PowerPoint presentation entitled "████████████

██████ and discusses, among other things, various outstanding technology projects at Hillman. Contrary to Hillman's response to Interrogatory No. 1, the Slide Deck's author included several slides reporting that ██████████████████████████████████████ The slide deck contains no indicia that anything in it reflected legal advice or protected attorney work product.

Around the time Hillman produced the Slide Deck, Hy-Ko subpoenaed deposition testimony from former Hillman executive Todd Spangler – one of the Slide Deck's recipients. Counsel for Hy-Ko had studied the Slide Deck to prepare for the Spangler deposition and was prepared to examine Spangler about the Slide Deck's references to the patents-in-suit as well as any infringement analysis undertaken by Hillman personnel. On February 24, 2022, a few days before Spangler's deposition, Hillman purported to "claw back" the Slide Deck in its entirety and demanded that Hy-Ko destroy all copies. Hillman then served a privilege log claiming that part of the Slide Deck consisted of a "[q]uarterly report summarizing Hillman's legal department's general tracking of competitor patents," prepared by outside counsel Ryan O'Quinn. App. at 4.

Two days before March 2 Spangler deposition, Hillman produced a redacted version of the Slide Deck. The redactions blacked out wholesale 17 pages – including all title pages, headings,

text and graphics. Spangler testified that he and his team at Hillman routinely examined competitor patents. App. at 4-5. But Spangler could not recall whether Hillman performed infringement analyses of any Hy-Ko patents. *Id.* Because Hillman excised all of the Slide Deck's references to the patents-in-suit, Hy-Ko could not use it to refresh Spangler's recollection at deposition.

The parties met and conferred over Hillman's claim of privilege on March 7, 2022. Hillman's sole basis for claiming privilege was that outside counsel O'Quinn had authored the redacted portion of the Slide Deck as part of a routine "quarterly report" and that the redacted content was therefore privileged. *See* App. at 3. Hillman did not contend that the purpose of redacted slides was to provide legal advice. Hy-Ko reminded Hillman that its verified response to Interrogatory No. 1 flatly stated that ███████████████████████████ and that "███████████████████████████████████████████████████████████████████████████████." *Id.* (emphasis added). The Slide Deck contradicted Hillman's sworn response by showing (1) that outside counsel had tracked the patents, (2) that Hillman had distributed these quarterly reports within Hillman, and (3) that at least one recipient had incorporated the reports about three of the patents-in-suit into the Slide Deck at issue.

Hillman served a supplemental response to Interrogatory No. 1 on March 10 stating (in part):



App. at 2. Although the supplemental response confirms that the Slide Deck "identified" three of the patents-in-suit, the Slide Deck itself redacted all references to the patents – ensuring that Hy-Ko could not use it with Spangler, an important witness.[1]

## III. ARGUMENT

### A. APPLICABLE LEGAL STANDARDS

Privilege claims are governed by the "common law – as interpreted by United States courts in light of reason and experience." Fed. R. Evid. 501. In federal question cases, federal privilege law applies. *In re Avantel, S.A.,* 343 F.3d 311, 323 (5th Cir. 2003). "The application of the attorney-client privilege is a question of fact, to be determined in the light of the purpose of the privilege and guided by judicial precedents." *EEOC v. BDO USA, L.L.P.,* 876 F.3d 690, 695 (5th Cir. 2017).

For a communication to fall within the attorney-client privilege, the proponent has the burden of proving that "(1) he made a confidential communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding." *EEOC, supra* (quoting *U.S. v. Robinson,* 121 F.3d 971, 974 (5th Cir. 1997)). Ambiguities whether the proponent has established the existence of a privileged communication are construed against the proponent. *See id.* "Because the attorney-client privilege has the effect of withholding relevant information from the fact-finder, it is interpreted narrowly so as to apply only where necessary to achieve its purpose." *Id.* (citations omitted).

"There is no presumption that a company's communications with counsel are privileged." *Id.* at 696. When a communication does not make clear whether it is a business communication or legal

---

[1] Hy-Ko reserves the right to seek sanctions under Federal Rule of Civil Procedure 37 for Hillman's apparent disregard of its obligations in discovery, including Mr. Robert's failure to disclose the existence of the Slide Deck (and other slide decks) as part of Hillman's original responses. He was copied on those slide decks and plainly was aware of their existence. Hillman only disclosed the existence of these slides after its apparently "mistaken" production.

- 4 -

advice, the privilege proponent bears the burden of showing that the "manifest purpose" of the communication was legal advice. *Id.* The attorney-client privilege "only protects disclosure of communications; it does not protect disclosure of the underlying facts." *Adams v. Mem'l Hermann,* 973 F.3d 343, 349 (5th Cir. 2020) *citing Upjohn Co. v. United States,* 449 U.S. 383, 395, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981). A fact is not privileged merely because it is incorporated into a communication with an attorney. *Id.*

Where a communication at issue is exchanged between non-legal personnel, the proponent of the privilege bears the burden of providing "substantial proof" that the "dominant intention" of the communication was to seek legal advice. *TIGI Linea Corp. v. Prof'l Prods. Grp., LLC,* No. 4:19-cv-00840-RWS-KPJ, 2020 U.S. Dist. LEXIS 244777, at *12-19 (E.D. Tex. Dec. 30, 2020).

### B.  NOTHING IN THE SLIDE DECK IS PRIVILEGED

The substantial redacted portion of the Slide Deck at issue is part of a communication from a non-legal employee to other non-legal employees focused on ▓▓▓▓▓▓▓▓. While one of the recipients is Hillman's general counsel Doug Roberts, nothing in the transmittal email or the Slide Deck itself suggests that it was transmitted to Mr. Roberts for legal advice.[2] Instead, Hillman's Mike Schmidt simply transmitted the Slide Deck because it had been ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ App. at 3. Hillman does not contend that Mr. Schmidt was transmitting that slide deck for the purpose of providing or obtaining legal advice – let alone claim that Mr. Schmidt's "primary purpose" or "dominant intention" in sharing that slide deck was to obtain legal advice.

---

[2] Simply copying an attorney on an email communication along with other recipients is "clearly insufficient to establish the [attorney-client] privilege." *In re Avantel*, 343 F.3d at 321 (5th Cir. 2003).

And nothing in the redacted portions of the Slide Deck suggests it is a communication made for "the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding." *EEOC,* 876 F.3d at 695. Hillman's sole contention in support of privilege is that Hillman's outside counsel drafted the redacted portion. The Court's *in camera* review of the unredacted Slide Deck will show that it consists of ███████████████████ █████████████████████████████████████████████████████████████████████ Hillman has never claimed that the purportedly privileged factual recitation constitutes legal advice.³

Supplemental Response to Interrogatory No. 1 provides that Hillman would ██████ ████████████████████ It further claims that ████████████████████████ ████████████████████████████████████ App. at 2. Despite admitting that ██████████████████████████████████████, Hillman disclaims ███████████████████. *Id.* Its Supplemental Response to Interrogatory No. 1 *twice* states that "████████████████████████████████████████ ████████████████████████████████████████." *Id.* Thus, in attempting to avoid willful patent infringement liability, Hillman has disavowed the bases for any claim of privilege over the Slide Deck's redactions. ████████████████ █████████████████████████████████, then Hillman cannot claim to have sought legal advice regarding the patents-in-suit. Put simply, Hillman cannot carry its burden of showing that the primary or dominant purpose of the redacted content was to seek or facilitate legal advice – advice that Hillman disclaims ever seeking.

---

³ A fact is not privileged merely because it is incorporated into a communication with an attorney. *See Upjohn Co. v. U.S.,* 449 U.S. 383, 395 (1981).

Even if the Court were to conclude that some part of the Slide Deck's redacted content were privileged, certainly Hillman should not be able to hide the subject matter of those pages by redacting *all* of the title pages, headings, text, graphics and other non-privileged factual matter to frustrate Hy-Ko's efforts to examine Hillman's witnesses at deposition or trial. Hillman's clawback and over-redaction of the Slide Deck already prejudiced Hy-Ko's ability to examine third party Todd Spangler. To the extent the Court decides some part of the Slide Deck is privileged, Hillman should be ordered to make only those minimal redactions necessary to preserve the substance of any legal advice.

## IV.     CONCLUSION

For the foregoing reasons, Hy-Ko respectfully requests that the Court order Hillman to produce an unredacted version of the Slide Deck (and any documents it has withheld for similar reasons) within 48 hours of the Court ruling on this motion. To the extent the Court finds the existence of a privilege, the Court should nonetheless order Hillman to produce a copy of the document redacting only those matters truly communicating legal advice (to the extent any exist) redacted.

Dated:   March 18, 2022                                     Respectfully submitted,

By: */s/ Joseph A. Meckes*
   Elizabeth L. DeRieux
   State Bar No. 05770585
   CAPSHAW DERIEUX, LLP
   114 E. Commerce
   Gladewater, TX 75647
   Telephone: (903) 845-5770
   ederieux@capshawlaw.com

Steven M. Auvil
Ohio Bar No. 0063827
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 479-8500
steven.auvil@squirepb.com

David S. Elkins
Cal. Bar No. 148077 (*pro hac vice*)
Joseph A. Meckes
Cal. Bar No. 190279 (*pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
1801 Page Mill Road, Suite 110
Palo Alto, California 94304
Telephone: (650) 843-3378
david.elkins@squirepb.com
joseph.meckes@squirepb.com

*Attorneys for Plaintiff and
Counterclaim Defendant
HY-KO PRODUCTS COMPANY LLC.*

**CERTIFICATE OF CONFERENCE**

Lead and local counsel hereby certify pursuant to Local Civil Rule 7(i) that local counsel Elizabeth DeRieux of Capshaw DeRieux and lead counsel Steven M. Auvil, and Joseph A. Meckes of Squire Patton Boggs (U.S.) LLP met and conferred by phone with lead and local counsel Jennifer Truelove, Sam Baxter, John Briody and Michael Catapano of McKool Smith LLP pursuant to Local Civil Rule 7(h) and this Court's standing orders.  Counsel complied with the meet and confer requirement in Local Rule CV-7(h); and (2).  The parties are at an impasse on the dispute presented in this motion

March 18, 2022

    /s/ Elizabeth L. DeRieux
Elizabeth DeRieux
Capshaw DeRieux, Local Counsel

    /s/ Steven M. Auvil
Steven A. Auvil
Squire Patton Boggs (US) LLP
Lead Counsel

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was served on all counsel of record on March 18, 2022 via electronic mail.

By: /s/ Joseph A. Meckes

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

The undersigned hereby certifies that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

By: /s/ Joseph A. Meckes